ELDIS BARNETT, *Appellant,* V. J. M. BELL AND OTHERS, *Appellees.*

## Opinion Filed May 6, 1913.

The refusal of a temporary injunction against a judicial sale at which a party was purchaser will not be reversed where probable laches appear, and the application was presented on the eve of the sale.

Appealed from the Circuit Court of Walton County.

Order affirmed.

*W. T. Bludworth,* for Appellant;

*S. K. Gillis,* for Appellees.

COCKRELL, J.—This is an appeal from an order, dated February 8, 1913, denying an application for a temporary injunction against a judicial sale of realty advertised for the third day of said month. The order recites that the application was made on the first day of the month, but is silent as to what matters were before the court upon the application. It does appear by subsequent recitation in the transcript that there was before the court a showing that a bill setting up the same facts and with the same prayer for injunction had but recently been dismissed for lack of prosecution, whether without prejudice or not we are not informed.

Appellant's brief advises us that the sale took place as advertised; the property was bought in by a party to this bill, who has been enjoined temporarily from enforcing his deed, as against this appellant who continues in pos-

session. If this be true, it but emphasizes the impropriety of our deciding the moot question now sought to be presented, seeing that our decision either way could in no wise alter the effect of the interlocutory order now before us.

The equity of the bill has not been passed upon by the Circuit Court, so far as we are definitely advised. The failure to prosecute the first bill of complaint, and the unexplained delay in presenting the application for a temporary injunction until the eve of the sale, published notice of which must have been running for several weeks at least, are sufficient to prevent our interference with the discretion judicially invested in the Circuit Judge in such matters.

Order affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.